**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In the Matter of DAWN M. VIGUE THURSTON | U.S. District Court (D.R.I.) <br> MISC. 14-026ML |
| In re    SEAN PATRICK HOLLY and <br>             AURA C. FAJARDO QUINTERO <br>             Debtors | BK No: 13-10985 <br> Chapter 7 |

**REPORT AND RECOMMENDATION**

This Report and Recommendation ("R&R") is submitted to the United States District Court for the District of Rhode Island ("District Court") pursuant to the District Court's Order of Referral dated December 5, 2014 ("Referral Order") in the District Court miscellaneous case of *In the Matter of Dawn M. Vigue Thurston*, Misc. 14-026ML. The Referral Order directed me to submit to the District Court "findings of fact and recommendations for disposition" of the United States Trustee's Motion for an Order Finding a Material Violation of Order and for the Payment of Suspended Fines to the United States Trustee (the "UST Motion"). The UST Motion was filed against attorney Dawn M. Thurston (also known as Dawn M. Vigue Thurston) ("Attorney Thurston"), the debtors' counsel in the bankruptcy case of *In re Sean Patrick Holly and Aura C. Fajardo Quintero*, BK No. 13-10985 ("*Holly* Case"), pursuant to Bankruptcy Code § 526.[1] *See In re Holly*, Doc. #105.

**I.    JURISDICTION**

This Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334, 11 U.S.C. §§ 105, 329 and 526, and the Referral Order.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Code," "Chapter," "Section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

## II.    BACKGROUND

On September 17, 2013, the United States Trustee for Region One (the "UST"), pursuant to Bankruptcy Code § 526, filed in this case a motion seeking the return of fees, injunctive relief, civil penalties, and suspension of CM/ECF privileges against Attorney Thurston. *See In re Holly*, Doc. #61.[2] The UST alleged that Attorney Thurston filed the bankruptcy petition in this case bearing the debtors' electronic signatures (i.e. /s/ followed by the debtors' typed names), thereby representing to this Court that the debtors had signed the petition, when in fact the debtors had not actually signed the petition before it was filed. *Id.* ¶¶ 9, 10.

The UST also alleged that Attorney Thurston filed in this case, as well as in other cases, numerous other documents bearing clients' electronic signatures without first obtaining the clients' actual signatures on the documents, and that she had engaged in a pattern or practice of such conduct in violation of Federal Rule of Bankruptcy Procedure 1008 and Rhode Island Local Bankruptcy Rule 5005-4(j). *Id.* ¶¶ 11, 14, 15. In that same motion, the UST further alleged that Attorney Thurston had filed inaccurate disclosures of compensation in this case and in other cases, had engaged in a pattern or practice of filing inaccurate applications to pay filing fees in installments, and had failed to provide clients with notices and disclosures required by the Bankruptcy Code. *Id.* ¶¶ 16-28.

Ultimately, the UST and Attorney Thurston agreed to a consent order which was entered by this Court, granting the UST's motion. *See In re Holly*, Doc. #94 (amended consent order) and Doc. #97 (supplemental order) (collectively the "*Holly* Order"). In the *Holly* Order, Attorney Thurston acknowledged that she "engaged in a pattern or practice of filing petitions, schedules

---

[2] Unless otherwise indicated, all docket references herein are to the dockets in the respective *Holly* Case and a related bankruptcy case pending before this Court, *In re Milka E. Santana*, BK No. 14-11041.

and documents with this Court without obtaining ink signatures of the respective debtors." *Id.* at Doc. #94 ¶ 8. Among other provisions, Attorney Thurston "and any person acting in concert with her directly or indirectly" were permanently enjoined from (1) "filing with the U.S. Bankruptcy Court petitions, lists, schedules, statements, amendments and documents that have not been verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746 without first obtaining original signatures of the debtors and future bankruptcy debtor clients," (2) "violating R.I. LBR 5005-4(j) by failing to retain the original documents containing the original signatures of bankruptcy debtor clients for two (2) years after their bankruptcy cases are closed," and (3) "filing applications to pay filing fees in installments in cases where she has collected the filing fee prior to filing a bankruptcy case." *Id*. at Doc. #94 p.4.

It also was ordered that Attorney Thurston pay a fine of $10,000 to the UST, the collection of which the UST agreed to forebear so long as Attorney Thurston was in compliance with the *Holly* Order. *Id*. at Doc. #94 pp.4-5. It further directed that "Attorney Thurston, her agents, partners, servants, employees, associates, or any person or entity in active concert and participation with her shall attach scanned copies of documents bearing debtor(s)'s original signatures for those documents requiring verification pursuant to Fed. R. Bankr. P. 1008." *Id.* at Doc. #94 p.5; *see also id.* at Doc. #97. Finally, it was ordered that pursuant to Rhode Island Local Bankruptcy Rule 5005-4(b)(2)(C)(iv), the Clerk of this Court revoke Attorney Thurston's CM/ECF electronic filing privileges for one year, and that the reinstatement of those privileges would be subject to Attorney Thurston's completion of certain continuing legal education requirements. *Id.* at Doc. #94 p.5-6.[3]

---

[3] The *Holly* Order also provided that the revocation of Attorney Thurston's CM/ECF privileges would have no effect on the CM/ECF filing privileges of attorneys in partnership with her. *Id.* at Doc. #94 p.5.

Several months after the entry of the *Holly* Order, the UST Motion at issue here was filed, asking this Court to find a material violation of the *Holly* Order, to enter a separate order requiring the immediate payment of the suspended fine, and for such other and further relief as justice demands. *See In re Holly*, Doc. #105. The UST also filed a motion in the bankruptcy case of *In re Milka E. Santana*, BK No. 14-11041 (the "*Santana* Case"), against both Attorney Thurston and her law partner, attorney Thomas J. Howard, Jr. ("Attorney Howard"), based on the same factual allegations asserted in the instant motion and seeking the return of fees, injunctive relief, civil penalties, and suspension of both attorneys' CM/ECF filing privileges. *See In re Santana*, Doc. #39.[4]

The UST Motion filed in this case alleges that on May 1, 2014, Attorney Howard, while a partner of and practicing in the same law firm as Attorney Thurston, filed in the *Santana* Case a bankruptcy petition on behalf of Ms. Santana (the "Debtor") and an application to pay the filing fee in installments. That application bore the Debtor's electronic signature, thereby representing to this Court that she had signed the application, but the UST alleges it was not signed by the Debtor when filed and in fact was filed without the knowledge or authority of the Debtor. *See In re Holly*, Doc. #105 ¶¶ 20-25. This conduct by Attorney Howard and Aurora Law, the UST asserts, violated the terms of the *Holly* Order as well as provisions of the Bankruptcy Code and the Local Bankruptcy Rules of this Court (as will be detailed below). *Id.* ¶ 36.

---

[4] While the UST's motion filed in the *Santana* Case asserts allegations and requests relief against both Attorney Thurston and Attorney Howard, as noted that motion was based on the same factual allegations alleged in the UST Motion at issue here. Accordingly, this R&R includes recommendations regarding any and all relief requested against Attorney Thurston in the UST's motion filed in the *Santana* Case, and no separate report will be issued in the *Santana* Case as to Attorney Thurston. A separate report and recommendation is being issued in the *Santana* Case regarding Attorney Howard.

After determining that the UST Motion could have a substantial impact on the continued admission of Attorney Thurston to practice before the District Court, and consequently before this Court, I entered an order on November 17, 2014, referring this matter to the District Court for consideration of possible disciplinary proceedings against Attorney Thurston.[5] *Id.* at Doc. #114. The District Court, in turn, entered the Referral Order, referring the UST Motion to this Court "for findings of fact and recommendations for disposition." *Id.* at Doc. #118. On December 11, 2014, I held a pretrial conference with the parties, at which time both parties requested ninety days in which to conduct further discovery prior to an evidentiary hearing on the UST Motion. I granted that request and scheduled the evidentiary hearing for April 24, 2015.

Prior to the scheduled hearing, on March 17, 2015, the UST, Attorney Thurston and her counsel representing her in this matter filed a proposed consent order to resolve the UST Motion, a copy of which is annexed hereto and incorporated herein ("Consent Order"). *See In re Holly*, Doc. #127.[6] Attorney Thurston acknowledged that she has voluntarily entered into the Consent Order. Consent Order ¶¶ 8, 43. I held a hearing on the UST Motion and the Consent Order on April 1, 2015, at which hearing the UST and Attorney Thurston and her counsel appeared, and I took the matter under advisement in order to issue my report to the District Court.

---

[5] *See* R.I. LBR 9010-1(a) (stating that an attorney in good standing of the bar of the Supreme Court of Rhode Island and admitted to practice in the District Court is deemed admitted to practice in this Court); R.I. LBR 2090-2(b) ("In any matter in which a bankruptcy judge has reasonable cause to believe that an attorney has committed a violation of any canon or ethical rule, the bankruptcy judge may refer the attorney for disciplinary proceedings to the District Court pursuant to District Court Local Rule 210 and to any state disciplinary authority.").

[6] The identical Consent Orders were filed in this case and the *Santana* Case, bearing the captions of both cases. *See In re Holly*, Doc. #127, and *In re Santana*, Doc. #57.

### III.    PROPOSED FINDINGS OF FACT

I accept as true the facts stipulated by the UST and Attorney Thurston in the Consent Order, and my proposed findings of fact set forth below are based upon those agreed facts. Those pertinent facts are as follows.

1.    Attorneys Howard and Thurston are attorneys who are also the partners in the general partnership known as Aurora Law under whose name both of them are doing business, formerly located at 40 Webb Street, Cranston, Rhode Island, and now located at 142 Putnam Pike, Johnston, Rhode Island.[7] Consent Order ¶¶ 2-4.

2.    The Debtor is an "assisted person" as defined by Bankruptcy Code § 101(3).[8] *Id.* ¶¶ 10-11.

3.    Attorney Howard, Attorney Thurston and Aurora Law are each a "debt relief agency" as defined by Section 101(12)(A) and provided "bankruptcy assistance" to the Debtor as defined by Section 101(4)(A).[9] *Id.* ¶¶ 12-17.

4.    On March 12, 2014, the Debtor signed a bankruptcy fee agreement prepared and signed by Attorney Thurston on behalf of Aurora Law and paid $1,500 to Attorney Thurston

---

[7] Attorney Howard is no longer authorized to practice law in the State of Rhode Island or before the District Court and this Court. *See In the Matter of Thomas J. Howard, Jr.*, No. 2015-24-M.P. (R.I. Feb. 24, 2015), and *In the Matter of Thomas J. Howard, Jr.*, Misc. No. 15-027ML (D.R.I. Mar. 30, 2015).

[8] Section 101(3) defines "assisted person" as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $186,825."

[9] Section 101(12)(A) defines "debt relief agency" as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110 . . . ." In *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229 (2010), the Supreme Court unanimously held that attorneys who provide bankruptcy assistance to assisted persons are debt relief agencies as defined in Section 101(12)(A).

Section 101(4)(A) defines "bankruptcy assistance" as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title."

and Aurora Law for bankruptcy fees and costs, and Attorney Thurston prepared and signed a receipt for $1,500 indicating "legal fees & costs." *Id.* ¶¶ 18-20; *see also* UST Motion, Ex. 1.[10]

5.  On May 1, 2014, Attorney Howard, using the bankruptcy court CM/ECF system, filed on behalf of the Debtor both a bankruptcy petition and an application to pay the filing fee in installments ("Installment Application") which bore the electronic signature of the Debtor (i.e. "/s/ Milka E. Santana"). The Installment Application represented that the Debtor did not have the ability to pay the filing fee in full. Consent Order ¶¶ 21-23.

6.  By filing the Installment Application, Attorney Howard and Aurora Law represented to this Court that the Debtor had signed the Installment Application. *Id.* ¶ 24.

7.  The Installment Application was untrue and misleading because, notwithstanding these representations, the Debtor had paid all of the fees and costs on March 12, 2014, the Installment Application was not signed by the Debtor on or before May 1, 2014, and the Installment Application was filed without the knowledge or authority of the Debtor. *Id.* ¶¶ 25-26; 28-30.

8.  At the time the Installment Application was filed, Attorney Howard should have known that the Debtor had not signed the Installment Application and that she had paid in full all of the legal fees and bankruptcy filing costs. *Id.* ¶ 31.[11]

9.  Improper filings by Aurora Law and its partners Attorney Howard and Attorney

---

[10] The fee agreement executed by the Debtor and Aurora Law also contains the hand-written notations "$1,500 total-pd in* full," and "*Deduct filing fee 5/12/2014." Both notations bear the signature presumably of Attorney Thurston. UST Motion, Ex. 2.

[11] The name "Howard" was inadvertently omitted from paragraph 31 of the Consent Order, which stated that "Attorney should have known . . . ." In open court at the April 1 hearing, counsel for both the UST and Attorney Howard orally amended that paragraph, without objection, to add the name "Howard." *See In re Holly*, Doc. #130 (audio file of April 1 hearing, at 1:11:35-1:12:40).

Thurston are not limited to the Debtor's case. *See* the *Holly* Order (detailing other improper filings and requiring, among other things, Attorney Thurston *and any person acting in concert with her* to file scanned original debtor signatures with this Court when they file pleadings and applications that require a debtor's signature, including, without limitation, the signature page of an application to pay a filing fee in installments). *Id.* ¶¶ 27, 32.

10. Attorney Howard at all times relevant to this matter had actual knowledge of the entry of the *Holly* Order and its contents, and Attorney Howard and Aurora Law are persons acting in concert with Attorney Thurston. *Id.* ¶¶ 33-34.

11. Attorney Howard's unauthorized filing of the Installment Application violated Bankruptcy Code § 526(a)(2) and Rhode Island Local Bankruptcy Rule 5005-4(j).[12] In addition, it violated the *Holly* Order's specific injunction against such behavior by Attorney Thurston and any person (such as Attorney Howard) who was acting in concert with her. *Id.* ¶ 35.

12. By agreeing to the Consent Order, Attorney Thurston admits: (a) that she, and

---

[12] Section 526(a)(2) provides: "A debt relief agency shall not make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading."

R.I. LBR 5005-4 ("Electronic Filing") states in subsection (j) ("Electronic Signatures and Retention of Original Signed Documents by Registered Users"):

> (1) Petitions, lists, schedules, statements, amendments, pleadings, affidavits, proofs of claim, stipulations and other documents which must contain original signatures, documents requiring verification under FRBP 1008, and unsworn declarations under 28 U.S.C. § 1746, shall be filed electronically and bear "electronic signatures", including the /s/.
> (2) Documents that are electronically filed and require original signatures other than that of the registered user must be maintained in paper form at least two years after the case is closed. This retention neither affects nor replaces any other retention period required by other laws or rules of procedure. The court may require the production of original documents for review by the court, a trustee, the U.S. Trustee, or any interested party.

Attorney Howard who was acting in concert with her, have engaged in a pattern or practice of filing petitions, schedules and documents with this Court without obtaining required original signatures of their clients or clients of Aurora Law; and (b) that her admissions contained in the Consent Order might impact her ability to practice law both in the District Court and this Court. *Id.* ¶¶ 5, 39.

### IV.    RECOMMENDED CONCLUSIONS OF LAW

It is already agreed by the parties that the unauthorized filing of the Installment Application in the *Santana* Case was done in violation of Bankruptcy Code § 526(a)(2) and Rhode Island Local Bankruptcy Rule 5005-4(j), and that in addition that filing violated the *Holly* Order's specific injunction against such actions by Attorney Thurston and any person acting in concert with her. I also conclude that Attorney Thurston has violated the Rhode Island Supreme Court Rules of Professional Conduct ("Rules of Professional Conduct"), specifically Rules 1.1 and 8.4. I address each of these rules as they are implicated by Attorney Thurston's conduct in this matter.

   Rule 1.1. Competence:

> A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

After entry of the *Holly* Order, Attorney Thurston prepared and signed on behalf of Aurora Law a fee agreement that was signed by the Debtor. The Debtor paid $1,500 to Attorney Thurston and Aurora Law for bankruptcy fees and costs, and Attorney Thurston prepared and signed a receipt for $1,500 indicating the legal fees and costs had been paid in full. She also made a similar notation on the fee agreement she and the Debtor signed. Attorney Thurston

9

demonstrated incompetence by failing to properly ensure compliance with the *Holly* Order, the consequence of which was the direct violation of that order by Attorney Howard's filing of the unauthorized, false and misleading Installment Application.

Rule 8.4 proscribes misconduct attributable to an attorney's violation of the Rules of Professional Conduct and conduct prejudicial to the administration of justice.

Rule 8.4. Misconduct:

> It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> . . .
> (d) engage in conduct that is prejudicial to the administration of justice . . . .

Following the entry of the *Holly* Order, Attorney Thurston had an obligation to ensure not only that she complied with the terms of that order, but also that any and all persons acting in concert with her – including her law partner – complied with such terms. Attorney Thurston engaged in misconduct within the scope of Rule 8.4(a) and (d) by failing to ensure that those acting in concert with her competently represented the Debtor and did not violate the Rules of Professional Conduct, as Attorney Howard did by making false representations to this Court through the filing of the Installment Application. Such failings were detrimental to the Debtor and prejudicial to the administration of justice.

## V. RECOMMENDATIONS ON DISPOSITION OF UST MOTION AND DISCIPLINARY SANCTIONS

### A. UST Motion

As stated above, Attorney Thurston had an obligation to ensure not only that she complied with the *Holly* Order, but also that her law partner did so, and she failed to fulfill that obligation. Attorney Howard's conduct was a violation of Bankruptcy Code § 526, and that conduct is imputed to Attorney Thurston by virtue of her obligations under the *Holly* Order. Section 526 sets forth various remedies that can be imposed to address violations of its provisions, including injunctive relief, disgorgement of fees, an award of damages, and the imposition of sanctions. The pertinent provisions of this statute provide:

Section 526(c)(2):

> Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have—
> (A) Intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person.[13]

Section 526(c)(5):

> Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may—

---

[13] Sections 527 and 528 require specified disclosures to be provided to an "assisted person" (such as a debtor) by a debt relief agency that is rendering bankruptcy assistance to such person and impose other generalized disclosure requirements on debt relief agencies.

     (A) enjoin the violation of such section; or
     (B) impose an appropriate civil penalty against such person.

The Consent Order proposed by the parties provides for the imposition of agreed upon sanctions to resolve the UST Motion. Based upon Attorney Thurston's acknowledged violations of Section 526, I find these sanctions appropriate and consistent with the statute's enforcement and deterrence provisions. I recommend that the Consent Order be approved by the District Court, in addition to the disciplinary sanctions I recommend be imposed to redress Attorney Thurston's violations of the Rules of Professional Conduct. In the Consent Order the parties specifically agree to the following sanctions for violations of Section 526 and the *Holly* Order.

1. That Attorney Thurston and her agents, partners, servants, employees, associates, or any person or entity in active concert and participation with her shall be enjoined from acting as a debt relief agency for two years from the final entry of the Consent Order, with such injunction to continue until such time as Attorney Thurston pays the civil fine to the UST and all compensation received in the bankruptcy case of the Debtor is returned to the Debtor.

2. That pursuant to R.I. Local Bankruptcy Rule 5005-4(b)(2)(C)(iv), the Clerk of the Rhode Island Bankruptcy Court revoke the CM/ECF filing privileges of Attorney Thurston for two years from the final entry of the Consent Order.[14]

3. That Attorney Thurston is fined a total of $20,000 in connection with the *Holly* and *Santana* bankruptcy cases and the payment of such fine to the UST is a condition precedent to the termination or modification of the injunction against her acting as a debt relief agency.

4. That Attorney Thurston (jointly and severally with Attorney Howard) is liable for the return to the Debtor of the $1,200 fee she paid, such liability to be effective within 14

---

[14] With regard to the revocation of Attorney Thurston's CM/ECF electronic filing privileges, the UST explained that this sanction would ensure that as a practical matter Attorney Thurston would not be able to represent *any parties* before the bankruptcy court during the two-year period and until satisfaction of the conditions precedent to reinstatement of such filing privileges. Because the debt relief provisions of the Bankruptcy Code are applicable only to consumer bankruptcy debtors, this additional sanction would effectuate such goal. *See In re Holly*, Doc. #130 (audio file of April 1 hearing, at 20:50-21:40).

   days after the final entry of the Consent Order.

5. That Attorney Thurston shall arrange for the orderly transfer of her remaining bankruptcy matters to new counsel of the clients' choice.

### B.  Disciplinary Sanctions

It is important to note that the sanction and enforcement provisions of Section 526 are not exclusive and do not in any way impede the power of a federal (or state) court to impose other sanctions relating to an attorney's admission to practice law before that court. Section 526(d)(2)(B) of the Bankruptcy Code makes this abundantly clear:

> No provision of this section, section 527, or section 528, shall be deemed to limit or curtail the authority or ability of a Federal court to determine and enforce the qualifications for the practice of law before that court.

Attorney Thurston's violations of the Rules of Professional Conduct as discussed above are serious and if left unpunished would undermine the integrity of this Court and destabilize the bankruptcy system upon which so many debtors and other parties rely.

Upon questioning at the April 1 hearing, Attorney Thurston and her counsel did not object to the Court's suggestion that a two year suspension from the practice of law before the District Court (which would encompass practice before this Court) was a reasonable sanction for such misconduct. *See In re Holly*, Doc. #130 (audio file of April 1 hearing, at 1:07:35-1:09:00). Consistent with the time period in the Consent Order, I also recommend that Attorney Thurston be suspended from the practice of law in the District Court for two years, commencing from the date of the final entry of the District Court's order in this matter, with any reinstatement of Attorney Thurston to be subject to the approval of the District Court upon application. I further

recommend that any such reinstatement be conditioned upon the remittance of the $1,200 fee to the Debtor and the payment of the $20,000 fine to the UST.

Date:  May 1, 2015                                                                By the Court,

                                                                                                  _Diane Finkle_
                                                                                                  Diane Finkle
                                                                                                  U.S. Bankruptcy Judge